UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER SHAUN LAMAR,
      Petitioner,

vs.                                  Case No.:  3:21cv998/MCR/EMT

M.V. JOSEPH,
      Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Christopher Shaun Lamar (Lamar), an inmate of the federal Bureau of Prisons (BOP) proceeding pro se, commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1).  On behalf of Respondent Warden Joseph, the United States Attorney's Office (Government) filed a motion to dismiss for lack of jurisdiction (ECF No. 10).  The court directed Lamar to file a response to the motion to dismiss (*see* ECF No. 11), but he has not done so as of the date of this Report and Recommendation.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C).  After careful consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that the court lacks jurisdiction over Lamar's habeas petition.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On November 15, 2012, Lamar was convicted by a jury in the Northern District of Florida, Case No. 5:08cr40/RH/GRJ, of one count of conspiring to distribute and to possess with the intent to distribute 50 or more grams of cocaine base, 5 kilograms or more of cocaine, and marijuana (Count One), and one count of possession of a controlled substance with intent to distribute 500 or more grams of cocaine (Count Two).  *See United States v. Lamar*, No. 5:08cr40/RH/GRJ, Jury Verdict, ECF No. 46 (N.D. Fla. Nov. 15, 2012).  On February 25, 2013, the district court sentenced Lamar to concurrent terms of 293 months in the BOP, followed by concurrent terms of 10 years of supervised release.  *See id.*, Judgment, ECF No. 55 (N.D. Fla. Feb. 25, 2013).  Lamar appealed the judgment to the Eleventh Circuit Court of Appeals, Case No. 13-10882.  *See id.*, Notice of Appeal, ECF No. 57 (N.D. Fla. Feb. 25, 2013).  The Eleventh Circuit affirmed the convictions and sentences on April 2, 2014.  *United States v. Lamar*, 562 F. App'x 802 (11th Cir. 2014).

In March 2015, Lamar filed a motion to vacate under 28 U.S.C. § 2255.  *See Lamar*, No. 5:08cr40/RH/GRJ, Motion to Vacate Under 28 U.S.C. § 2255, ECF No. 85 (N.D. Fla. Mar. 27, 2015).   On February 9, 2017, the court reduced Lamar's prison sentences to 240 months.  *See id.*, Order Reducing Sentence, ECF No. 93

(N.D. Fla. Feb. 9, 2017).  On January 20, 2018, the court denied Lamar's § 2255 motion.  *See id.*, Order Denying § 2255 Motion, ECF No. 97 (N.D. Fla. Jan. 20, 2018).  Lamar appealed the decision to the Eleventh Circuit, Case No. 18-10568.  *See id.*, Notice of Appeal, ECF No. 102 (N.D. Fla. Feb. 8, 2018).  The Eleventh Circuit denied Lamar's motion for a certificate of appealability.  *See id.*, Mandate, ECF No. 112 (N.D. Fla. June 20, 2018).

Lamar filed several post-judgment motions.  The district court denied the motions, and the Eleventh Circuit affirmed any decisions Lamar appealed.  Lamar also filed a motion to dismiss the convictions and sentences for lack of jurisdiction.  *See Lamar*, 5:08cr40/RH/GRJ, Notice of Want of Jurisdiction, ECF No. 130 (Feb. 25, 2020).  The court denied the motion on the merits and noted that relief from the convictions and sentences was available only by a second or successive § 2255 motion over which the court lacked jurisdiction.  *See id.*, Order Denying the Deemed Motion to Dismiss for Lack of Jurisdiction, ECF No. 131 (N.D. Fla. Feb. 26, 2020).  Lamar appealed the decision to the Eleventh Circuit, Case No. 20-10954.  *See id.*, ECF No. 132 (N.D. Fla. Mar. 9, 2020).  The Eleventh Circuit affirmed and additionally noted:

> [T]he potential relief that Lamar could seek would be available only in
> a successive § 2255 motion, but Lamar has not sought leave to file a

successive § 2255 motion.  As such, the district court lacked jurisdiction to entertain his assertion that it lacked jurisdiction to conduct his criminal proceeding, and it correctly denied his "notice" because Lamar did not have the requisite authorization to file a successive § 2255 motion.  28 U.S.C. § 2244(b)(3)(A); *Farris* [*v. United States*], 333 F.3d [1211,] 1216 [11th Cir. 2003].

*United States v. Lamar*, 820 F. App'x 996, 997 (11th Cir. 2020) (Mem).

Lamar commenced the instant habeas action by filing a petition under 28 U.S.C. § 2241 on August 22, 2021 (ECF No. 1).  Lamar asserts the following claims:

Ground one:  "Failure to lawfully charge conspiracy."

Ground two:  "Failure to prove subject matter jurisdiction."

Ground three:  "Govt. failed to show evidence of 'standing.'"

(ECF No. 1 at 3–4).

The Government seeks dismissal of the § 2241 petition for lack of jurisdiction (*see* ECF No. 10).  In essence, the Government contends that because Lamar's claims attack the validity of his convictions, as opposed to the continuation or execution of a valid confinement, his § 2241 petition is his "third unauthorized 2255 petition, dressed in sheep's clothing as a 2241 petition" (*id.* at 1).

II.    DISCUSSION

Before 1948, federal prisoners who collaterally challenged any aspect of their detention did so in a § 2241 petition, which had to be filed in the district where they

were incarcerated.  *See United States v. Hayman*, 342 U.S. 205, 206–07 (1952).  That regime proved problematic after Congress expanded the scope of collateral relief for federal prisoners, opening the floodgates to a tidal wave of petitions that inundated the few district courts where federal penitentiaries were located.  *See id.* at 212–14.  There were also "serious administrative problems" in litigating collateral petitions because courts in the district of incarceration were often far from the district of conviction and sentencing, and hence far from the relevant records, witnesses, prosecutors, and defense counsel.  *See id.*  To alleviate that burden and remedy those administrative problems, Congress enacted 28 U.S.C. § 2255, which generally requires federal prisoners who seek to collaterally attack their conviction or sentence to file a motion to vacate in the district where they were convicted and sentenced.  28 U.S.C. § 2255(a); *see also Hayman*, 342 U.S. at 218–19; *McCarthan v. Dir. of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076, 1082 (11th Cir. 2017) (en banc).

Section 2255 permits a prisoner to contest his sentence by motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  It authorizes the court to provide

specified relief if the court finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b).

A § 2255 motion is the exclusive procedure for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" of § 2255(e), which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

*Id.* § 2255(e) (emphasis added); *see also McCarthan*, 851 F.3d at 1081. A district court may exercise jurisdiction over a federal prisoner's § 2241 petition only if the saving clause of § 2255(e) applies. *See Amodeo v. FCC Coleman–Low Warden*, 984 F.3d 992, 997 (11th Cir. 2021) (citing *McCarthan*, 851 F.3d at 1080).

In *McCarthan*, the en banc court announced these requirements for the narrow saving clause exception:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim.  And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate.  In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

*Id.* at 1086–87.

As explained in *Amodeo*, *McCarthan* made clear that the most important words in the saving clause are "remedy" and "test."  *Amodeo*, 984 F.3d at 998 (citing *McCarthan*, 851 F.3d at 1099).  In *Amodeo*, the court emphasized that a "motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention *only when it cannot remedy* a particular kind of claim."  *Amodeo*, 984 F.3d at 998 (citing *McCarthan*, 851 F.3d  at 1099).  If § 2255 offers a remedy for a particular kind of claim, a motion filed under it provides a meaningful opportunity to test that kind of claim, and the saving clause does not apply.  *See Amodeo*, 984 F.3d at 998.  As the Eleventh Circuit stated in *Amodeo*:

> In *McCarthan* we . . . explained that our interpretation of the § 2255(e) language recognizes two categories of cases that fit within the saving clause and permit federal prisoners to seek relief under § 2241.  [851 F.3d at 1092–93].

> The first category comprises cases in which a federal prisoner seeks "to challenge the *execution* [as opposed to the legality] of his sentence, such as the deprivation of good-time credits or parole determinations."  *Id.* (emphasis added).

. . . .

> The second category of cases that fit within the narrow confines of the saving clause are those in which the sentencing court is unavailable or dissolved, or where practical considerations like "multiple sentencing courts" prevent a federal prisoner from filing a § 2255 motion. *McCarthan*, 851 F.3d at 1093. As we have mentioned, a § 2255 motion must be filed with the sentencing court, 28 U.S.C. § 2255(a), and it cannot provide a remedy for a claim when the court in which the prisoner must file the motion is not available or no longer exists.

*Amodeo*, 984 F.3d at 998–1000 (footnote omitted). "Only in those kinds of limited circumstances is the remedy by [§ 2255] motion inadequate or ineffective to test the legality of a federal prisoner's detention." *Amodeo*, 984 F.3d at 1000 (internal quotation marks and citations omitted).

Here, Lamar's habeas claims, set forth *supra*, clearly do not fit within the limited categories of cases recognized as qualifying within the narrow confines of the saving clause. Therefore, the court lacks jurisdiction to consider his habeas claims.

III. CONCLUSION

A § 2255 motion is Lamar's exclusive vehicle for presenting the collateral challenges to his judgment and sentence asserted in his § 2241 petition. This case does not fit within the narrow confines of the saving clause of § 2255(e), as

interpreted by the Eleventh Circuit in *McCarthan*.   Therefore, Lamar's habeas

petition should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1.     Respondent's motion to dismiss for lack of jurisdiction (ECF No. 10)

be **GRANTED** and the habeas petition (ECF No. 1) **DISMISSED** for lack of

jurisdiction.

2.     The clerk of court be directed to enter judgment accordingly and close

the case.

At Pensacola, Florida this 9th day of February 2022.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**


Case No.:  3:21cv998/MCR/EMT